IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD BURGESS,

                Plaintiff,

v.

GARY BOUGHTON, DANIEL WINKLESKI,
JOLINDA WATERMAN, TANYA BONSON,
SONYA ANDERSON, CARRIE SUTTER, ELLEN RAY,
JAMES LABELLE, EMILY DAVIDSON, and
CATHY A. JESS,

                Defendants.

OPINION & ORDER

16-cv-846-jdp

---

    Pro se plaintiff Edward Burgess is a prisoner in the custody of the Wisconsin Department, currently housed at the Wisconsin Secure Program Facility (WSPF). Burgess filed a complaint alleging that prison officials failed to provide adequate treatment for his plantar fasciitis and bone spurs. I granted Burgess leave to proceed on Eighth Amendment deliberate indifference claims, claims under the Americans with Disabilities Act and Rehabilitation Act, and state-law medical malpractice claims. Dkt. 9 and Dkt. 42. In a June 2, 2017 order, I deferred a decision on whether to allow Burgess to proceed on state-law intentional infliction of emotional distress (IIED) claims. Dkt. 42, at 7-8. I instructed Burgess to supplement his complaint explaining whether he has complied with Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82(3), which is a jurisdictional requirement for state-law claims against state employees, and gave Burgess a deadline of June 23, 2017, to file his supplement.

    Burgess has responded by submitting a completed notice of injury and claim form. Dkt. 46. The notice of claim is not sufficient because it is dated June 12, 2017, long after Burgess filed his complaint in this case. Wis. Stat. § 893.82(3m) requires a prisoner to serve written

notice on the Attorney General, and it does not allow the filing of a suit until the Attorney General denies the claim or until 120 days pass before filing suit. This subsection may not apply to claims for injunctive relief, but Burgess appears to seek only damages through the IIED claims—his request for injunctive relief is limited to the federal-law claims for which I have already granted him leave to proceed. Because Burgess filed his IIED claims prematurely, he cannot bring those claims in this lawsuit.

I will give Burgess a short time to make one of the following two choices: (1) continue with this lawsuit, but only on his federal-law and medical malpractice claims; or (2) dismiss this lawsuit, so that he can wait to file a new lawsuit until his notice of claim is disallowed or 120 days pass. If Burgess does not respond or his response is inadequate, the case will proceed with only his federal-law and medical malpractice claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess is DENIED leave to proceed on state-law intentional infliction of emotional distress claims.

2. Plaintiff may have until August 8, 2017, to respond to this order about the notice-of-claim issue discussed above. If plaintiff does not respond or his response is inadequate, the case will proceed with only his federal-law and medical malpractice claims.

Entered July 18, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge