IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD BURGESS,

                      Plaintiff,

  v.

GARY BOUGHTON, DANIEL WINKLESKI,
JOLINDA WATERMAN, TANYA BONSON,
SONYA ANDERSON, CARRIE SUTTER, ELLEN RAY,
JAMES LABELLE, EMILY DAVIDSON,
CATHY A. JESS, LEBBEUS BROWN,
REBECCA FELDMAN, BETH EDGE, and
JON E. LITSCHER,

                      Defendants.

OPINION & ORDER

16-cv-846-jdp

---

Pro se plaintiff Edward Burgess is a prisoner in the custody of the Wisconsin Department, currently housed at the Wisconsin Secure Program Facility (WSPF). Burgess filed a complaint alleging that prison officials failed to provide adequate treatment for his plantar fasciitis and bone spurs. I granted Burgess leave to proceed on Eighth Amendment deliberate indifference claims, claims under the Rehabilitation Act, and state-law medical malpractice claims. Dkt. 9 and Dkt. 42. In a July 18, 2017 order, I determined that Wis. Stat. § 893.82(3m) bars Burgess from bringing state-law intentional infliction of emotional distress (IIED) claims in this suit and gave him a short time to choose how to proceed. Dkt. 57. Burgess has responded. Dkt 60. He has also moved for a preliminary injunction, Dkt. 47; for leave to amend his complaint, Dkt. 61; and for an order compelling discovery, Dkt. 59. I will address each of Burgess's filings in turn.

## A. Preliminary injunction

Burgess moves for a preliminary injunction under Federal Rule of Civil Procedure 65. Dkt. 47. Specifically, he asks the court to order "the prison to treat the plaintiff's ailing conditions of plantar fasciitis and plaintiff's mental health needs."[1] Dkt. 48, at 1.

A preliminary injunction is "an extraordinary and drastic remedy" that should be granted only when the movant carries the burden of persuasion by a "clear showing." *Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 823 (7th Cir. 1998) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain injunctive relief, Burgess must show that (1) he will suffer irreparable harm before the final resolution of his claim without a preliminary injunction; (2) traditional legal remedies are inadequate; and (3) his claims have some likelihood of success on the merits. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323-24 (7th Cir. 2015). If Burgess makes this showing, he must further demonstrate that the balance of harms tips in his favor and that the public interest favors the injunctive relief. *Id.*

The Prison Litigation Reform Act limits the scope of preliminary injunctive relief in cases challenging prison conditions. Under the PLRA, the injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012).

---

[1] Despite the reference to "mental health needs," Burgess's motion focuses solely on the plantar fasciitis issue. From his previous filings, I gather that the mental health concerns he complains of allegedly resulted from the denial of proper medical care for the plantar fasciitis. Although Burgess sought to bring claims against Dr. Stacey Hoem regarding the denial of general mental health treatment, I denied him leave to proceed on those claims in this case because they do not arise out of the same transaction or occurrence as his other claims. *See* Dkt. 42, at 2-3. So it appears that any mental health needs at issue in this suit would be addressed by proper treatment of Burgess's plantar fasciitis.

The PLRA also requires the court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief." § 3626.

Here, Burgess has not shown that he will suffer irreparable harm absent the preliminary injunction he requests. Burgess alleges that defendants are denying him the proper medical care for his plantar fasciitis, but the medical records he submits in support of his motion show that he has been receiving treatment. In March 2017, Burgess was seen by a podiatrist, Michael Jacobs, DPM, who fitted Burgess for new prescription orthotics to treat his plantar fasciitis. Dkt. 48-1, at 10-11. (The medical records indicate that defendants are providing Burgess with other types of medical care, too, *see id.* at 1-4, but Burgess's motion focuses on the plantar fasciitis treatment specifically.) Although defendants point this out in their response brief, Burgess does not explain in his reply how receiving new prescription orthotics is not proper treatment for his plantar fasciitis. And the medical records he submits with his reply brief only confirm that defendants are providing him with treatment. *See, e.g.*, Dkt. 58-2, at 4 (indicating that Burgess has been permitted "[b]ilateral orthotic shoe inserts" since April 14, 2017). Perhaps defendants waited too long to treat Burgess, which could result in liability; but right now, the undisputed evidence shows that Burgess is currently receiving adequate medical care. Burgess has not shown that he will suffer irreparable harm without a preliminary injunction.

Burgess argues that "the continuing deprivation of constitutional rights constitutes irreparable harm." Dkt. 48, at 4. A continuing constitutional violation *may* constitute proof of irreparable harm, *see Preston v. Thompson*, 589 F.2d 300, 303 n.3 (7th Cir. 1978), but not in every case. *See e.g., Wheeler v. Talbot*, 770 F.3d 550, 552 (7th Cir. 2014) (concluding that a prisoner did not show irreparable harm stemming from an alleged Eighth Amendment violation); *see also Back v. Carter*, 933 F. Supp. 738, 754 (N.D. Ind. 1996) (reasoning that

3

continuing constitutional violations may not constitute irreparable harm when only monetary damages are alleged). But not every allegation of a constitutional violation automatically fulfills the irreparable harm prong of the preliminary injunction analysis. And here, Burgess has not shown that the alleged constitutional violation is continuing. Instead, as discussed above, even if defendants had been violating the Eighth Amendment by recklessly or intentionally depriving Burgess of appropriate medical treatment, it appears that they are appropriately treating him *now*. Because Burgess has not shown that he will suffer irreparable harm, I will deny his motion for a preliminary injunction.

**B. Amended complaint**

Burgess asks for leave to amend his complaint to include new claims. Dkt. 61. I must screen Burgess's proposed claims under 28 U.S.C. § 1915A, just as I screened the claims in his original complaint. Burgess's second amended complaint repeats, word-for-word, several claims that I already denied him leave to proceed on. *See* Dkt. 42. For the same reasons, he still cannot proceed on those claims. I will address separately the two new claims that Burgess wishes to bring.

First, Burgess asks for leave to bring a new Eighth Amendment claim against Mark Kartman, the security director of WSPF. Burgess alleges that in July 2017, he asked Kartman to renew his medical restriction for medical shoes. Kartman responded that Burgess "ordered medical shoes in January of 2017." Dkt. 61, ¶ 76. When Burgess asked for clarification, Kartman responded, "per 309.06.01 state issued shoes will be w[o]rn to visitation." *Id.* ¶ 78. Burgess does not state an Eighth Amendment claim against Kartman. As I've explained several times before, the Eighth Amendment prohibits prison officials from acting with deliberate indifference toward prisoners' serious medical needs. For a defendant to be deliberately

4

indifferent to a plaintiff's serious medical need, he or she must know of the need and disregard it. Here, Burgess alleges only that he asked Kartman to renew a medical restriction and that Kartman provided him with information in response. These allegations do not establish that Kartman was deliberately indifferent to Burgess's medical need, so Burgess does not state an Eighth Amendment claim against Kartman. Nor can I think of any other federal-law claim that Burgess could bring based on these allegations.

Second, Burgess asks for leave to bring new Eighth Amendment claims against defendant HSU manager Jolinda Waterman and Mary Lee, a WSPF client services assistant. He alleges that in July 2017, Waterman and Lee obtained Burgess's phone records from Century Link, the company that provides phone service to WSPF, "without a court order or request by the defendant's attorney." *Id.* ¶ 81. Again, these allegations do not establish that Waterman or Lee was deliberately indifferent to Burgess's medical need, nor can I think of any other federal-law claim that Burgess could bring based on this allegations. So I will deny Burgess's motion for leave to amend his complaint.

**C. Compelling discovery**

Burgess moves under Rule 37(a) for an order compelling the production of an email attachment. Dkt. 59. Defendants explain that upon receiving notice that this document was missing, they produced it to Burgess. Dkt. 62 and Dkt. 63. So I will deny Burgess's motion as moot.

**D. State-law IIED claims**

In my July 18 order, I explained that Burgess cannot bring his state-law IIED claims in this suit because he did not meet the requirements of Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82. Dkt. 57. I gave him a short time to choose whether to (1) continue with this

lawsuit, but only on his federal-law and medical malpractice claims; or (2) dismiss this lawsuit, so that he can wait to file a new lawsuit until his notice of claim is disallowed or 120 days pass. I warned him that if he did not respond or his response was inadequate, the case will proceed with only his federal-law and medical malpractice claims. Burgess has responded requesting clarification. Dkt. 60. He asks, "If the plaintiff was allowed to proceed on his requested state law claims which consisted of ADA, medical malpractice claims shouldn't the IIED claims be included as well?" *Id.* I will provide a thorough explanation.

Wisconsin's notice-of-claim statute, Wis. Stat. § 893.82, requires a plaintiff to notify the attorney general about his state-law claims before he can sue defendants under those state-law theories. Section 893.82 states in part:

> (3) Except as provided in sub. (5m), no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serve upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved including the name of the state officer, employee, or agent involved.
>
> (3m) If the claimant is a prisoner . . . the prisoner may not commence the civil action or proceeding until the attorney general denies the claim or until 120 days after the written notice under sub. (3) is served upon the attorney general, whichever is earlier. This subsection does not apply to a prisoner who commences an action seeking injunctive relief if the court finds that there is a substantial risk to the prisoner's health or safety.
>
> . . . .
>
> (5m) With regard to a claim to recover damages for medical malpractice, the provisions of subs. (3), (3m), and (4) do not apply.

In other words, to bring IIED claims against defendants, Burgess must (1) send a written notice to the Wisconsin attorney general about those claims, describing the events giving rise to the claims and listing the defendants' names, within 120 days of the events; (2) wait until the attorney general denies the claims or until 120 days after he sends the written notice to the Wisconsin attorney general; and then (3) file a lawsuit against defendants. Burgess must complete these three steps *in order*.

Burgess did not complete these three steps in the proper order, so he cannot bring the IIED claims in this suit. The written notice of claim that he submitted is dated June 12, 2017, which is *after* December 22, 2016, when Burgess filed his complaint in this case, Dkt. 1, and May 17, 2017, when Burgess filed his amended complaint seeking leave to proceed on the IIED claims, Dkt. 33. So Burgess filed his IIED claims in this court prematurely, and he cannot bring those claims in this lawsuit.

There are a few potential exceptions to the notice-of-claim statute, but none applies here. First, subsection (3m), which requires Burgess to wait until the attorney general denies the claim or 120 days pass, does not apply to claims for injunctive relief if the court finds a substantial risk to the prisoner's health or safety. Although Burgess seeks injunctive relief in this case, it is not clear that he seeks injunctive relief through the IIED claims, and he has not shown a substantial risk to his health or safety stemming from the alleged intentional infliction of emotional distress. So this exception does not apply. Second, subsection (5m) excepts medical malpractice claims seeking damages from the notice-of-claim requirement. That is why I allowed Burgess to proceed on medical malpractice claims without showing that he complied with the notice-of-claim statute. But IIED claims are not medical malpractice claims; the notice-of-claim requirements still apply to the IIED claims. Finally, Wisconsin's notice-of-claim

7

statute only applies to state-law claims, not federal-law claims. That is why I allowed Burgess to proceed on claims under the Eighth Amendment and Rehabilitation Act. (I dismissed Burgess's ADA claims, which are also federal-law claims, as unnecessary because they were parallel to the Rehabilitation Act claims. *See* Dkt. 42, at 5.) But IIED claims are state-law claims, so the notice-of-claims requirements apply.

So Burgess must comply with Wisconsin's notice-of-claim statute regarding his IIED claims, and he has not done so. That leaves Burgess with the two options I listed in my July 18 order: (1) continue with this lawsuit, but only on the Eighth Amendment, Rehabilitation Act, and medical malpractice claims; or (2) dismiss this lawsuit, and then file a new lawsuit bringing all of the claims against defendants after the attorney general denies Burgess's notice of claim or 120 days pass. I will give Burgess one more opportunity to choose one of these two options. If he does not respond or his response is inadequate, the case will proceed with only his federal-law and medical malpractice claims.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess's motion for preliminary injunction, Dkt. 47, is DENIED.

2. Plaintiff's motion for leave to amend complaint, Dkt. 61, is DENIED.

3. Plaintiff's motion for an order compelling discovery, Dkt. 59, is DENIED as moot.

4. Plaintiff is DENIED leave to proceed on state-law intentional infliction of emotional distress claims.

5. Plaintiff may have until September 13, 2017, to respond to this order about the notice-of-claim issue discussed above. If plaintiff does not respond or his response is inadequate, the case will proceed with only his federal-law and medical malpractice claims.

Entered August 23, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge