IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD BURGESS,

                Plaintiff,

  v.

GARY BOUGHTON, DANIEL WINKLESKI,
JOLINDA WATERMAN, TANYA BONSON,
SONYA ANDERSON, CARRIE SUTTER, ELLEN RAY,
JAMES LABELLE, EMILY DAVIDSON,
CATHY A. JESS, LEBBEUS BROWN,
REBECCA FELDMAN, BETH EDGE, and
JON E. LITSCHER,

                Defendants.

OPINION & ORDER

16-cv-846-jdp

---

Pro se plaintiff Edward Burgess is a prisoner in the custody of the Wisconsin Department, currently housed at the Wisconsin Secure Program Facility (WSPF). Burgess filed a complaint alleging that prison officials failed to provide adequate treatment for his plantar fasciitis and bone spurs. I granted Burgess leave to proceed on Eighth Amendment deliberate indifference claims, claims under the Rehabilitation Act, and state-law medical malpractice claims. Dkt. 9 and Dkt. 42. I determined that Wis. Stat. § 893.82(3m) bars Burgess from bringing state-law intentional infliction of emotional distress (IIED) claims in this suit and gave him a short time to choose how to proceed. Dkt. 57 and Dkt. 67. Burgess has indicated that he wishes to continue with this lawsuit without the state-law IIED claims. Dkt 71. So the case will proceed with only his federal claims and the state-law medical malpractice claims.

Burgess also asks that "the court provide someone to come and survey the living areas [of WSPF] and photograph these areas." Dkt. 70. He makes his motion under Federal Rule of Civil Procedure 34, but that rule governs discovery between the parties, allowing one party to

ask another party for permission to enter "designated land or other property . . . so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Regardless what authority Burgess cites, there is no reason for me, or any court personnel, to inspect Burgess's cell unit. I encourage Burgess to use the discovery tools at his disposal to obtain evidence relevant to his claims. For example, Burgess may send to defendants interrogatories under Rule 33 or requests for admission under Rule 36. Burgess may use interrogatories, requests for admission, or even his own declaration to establish the size and conditions of his living quarters. More information on discovery is available in the court's pretrial conference order. Dkt. 45, at 8–11.

ORDER

IT IS ORDERED that plaintiff Edward Burgess's motion for inspection of place, Dkt. 70, is DENIED.

Entered September 13, 2017.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge