IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD BURGESS,

                Plaintiff,

  v.

GARY BOUGHTON, DANIEL WINKLESKI,
JOLINDA WATERMAN, TANYA BONSON,
SONYA ANDERSON, CARRIE SUTTER, ELLEN RAY,
JAMES LABELLE, EMILY DAVIDSON,
CATHY A. JESS, LEBBEUS BROWN,
REBECCA FELDMAN, BETH EDGE, and
JON E. LITSCHER,

                Defendants.

OPINION & ORDER

16-cv-846-jdp

---

      Pro se plaintiff Edward Burgess is a prisoner in the custody of the Wisconsin Department, currently housed at the Wisconsin Secure Program Facility (WSPF). Burgess filed a complaint alleging that prison officials failed to provide adequate treatment for his plantar fasciitis and bone spurs. I granted Burgess leave to proceed on Eighth Amendment deliberate indifference claims, claims under the Rehabilitation Act, and state-law medical malpractice claims. Dkt. 9 and Dkt. 42. Defendants have moved for summary judgment. *See* Dkt. 77; Dkt. 94; Dkt. 100. Burgess's response brief is due on January 22, 2018. On January 3, the court received a letter from Burgess accompanied by several exhibits and a motion for assistance in recruiting counsel. *See* Dkt. 105 and Dkt. 106.

      Burgess's letter raises a number of issues, which I will address in turn. The majority of Burgess's letter concerns alleged harassment and retaliation by WSPF officials who are not parties to this suit. It appears that Burgess may wish to bring claims against these officials. Those claims do not belong in this suit. As I've previously explained, under Federal Rule of

Civil Procedure 20, multiple claims against different sets of defendants may be joined in one lawsuit only if they arise out of the same transaction or occurrence and present questions of law or fact that are common to them all. *See* Dkt. 42, at 2. Should Burgess wish to pursue these claims, he may file a new lawsuit and pay the required filing fee.

One allegation in Burgess's letter concerns defendant Jolinda Waterman. Because Waterman is already a defendant in this suit, Rule 20 would not bar Burgess from asserting another, unconnected claim against her. But Rule 15 does. Under Rule 15(a)(2), the court should freely grant a plaintiff leave to amend the complaint when justice so requires, but not "when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Here, defendants have already filed their summary judgment motions; adding an unrelated claim against Waterman at this point would unduly prejudice defendants. So I will not allow Burgess to amend his complaint now. If Burgess wishes to pursue a claim against Waterman, he may file a new lawsuit and pay the required filing fee.

But there are a few allegations in Burgess's letter that I will address in this case. First, Burgess alleges that WSPF officials are blocking his outgoing mail to lawyers. Burgess has already shown the court that he has contacted three lawyers about representation in this case and therefore fulfilled one of the requirements for assistance in recruiting counsel, but he should still be able to contact additional lawyers about this case if he wants to. Because blocking Burgess's mail could restrict Burgess's ability to litigate this suit, I will order defendants to respond to this allegation. I will also order defendants to respond to Burgess's allegation that WSPF officials refused to respond to Burgess's requests for medical treatment and threats to commit suicide on December 5. *See* Dkt. 106, at 4. Although this allegation is

not connected to Burgess's claims in this suit, I have an obligation to ensure that Burgess is safe, regardless of whether he has fulfilled the procedural requirements for seeking injunctive relief. Defendants' response can be succinct and need not comply fully with the court's procedure on motions for preliminary injunctions. But it should include an affidavit or declaration indicating whether Burgess is able to send mail concerning this case and whether Burgess faces a risk to his immediate safety.

Burgess also states that he does not know how to respond to defendants' summary judgment motions. I will include with this order an additional copy of this court's procedures to be followed on motions for summary judgment, which details the requirements that Burgess must follow. Burgess may also consult the Federal Rules of Civil Procedure and resources in the WSPF law library.

Finally, I will deny Burgess's motion for the court's assistance in recruiting counsel. In a June 2, 2017 order, I denied Burgess's previous motion for assistance in recruiting counsel because it was too early to tell whether his claims would outstrip his litigation abilities. Dkt. 42, at 8. I invited him to renew his motion if the case passed the early stage of litigation and he continued to believe that he is unable to litigate the suit himself. I noted that he would have to explain what specific litigation tasks he cannot perform himself. Burgess now indicates that he has "limited knowledge of the law" and "mental health issues" that make it difficult for him to conduct research. Dkt. 105. Unfortunately, many pro se litigants face these difficulties. Burgess has not demonstrated that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. So I will deny Burgess's motion for now.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess's motion for assistance in recruiting counsel, Dkt. 105, is DENIED without prejudice.

2. The clerk of court is directed to send plaintiff a copy of the court's procedures to be followed on motions for summary judgment included in the pretrial conference order, Dkt. 45.

3. By February 6, 2018, defendants must respond to plaintiff's allegations concerning WSPF blocking his outgoing mail to lawyers and ignoring his requests for medical treatment and threats to commit suicide. By February 20, 2018, plaintiff may file a reply.

Entered January 16, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge