IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EDWARD BURGESS,

                Plaintiff,

v.

GARY BOUGHTON, DANIEL WINKLESKI,
JOLINDA WATERMAN, TANYA BONSON,
SONYA ANDERSON, CARRIE SUTTER, ELLEN RAY,
JAMES LABELLE, EMILY DAVIDSON,
CATHY A. JESS, LEBBEUS BROWN,
REBECCA FELDMAN, BETH EDGE, and
JON E. LITSCHER,

                Defendants.

ORDER

16-cv-846-jdp

Pro se plaintiff Edward Burgess is a prisoner in the custody of the Wisconsin Department, currently housed at the Wisconsin Secure Program Facility (WSPF). Burgess filed a complaint alleging that prison officials failed to provide adequate treatment for his plantar fasciitis and bone spurs. I granted Burgess leave to proceed on Eighth Amendment deliberate indifference claims, claims under the Rehabilitation Act, and state-law medical malpractice claims. Dkt. 9 and Dkt. 42. Defendants have moved for summary judgment. *See* Dkt. 77; Dkt. 94; Dkt. 100. Burgess's response brief was due on January 22, 2018. I previously denied Burgess's motion for assistance in recruiting counsel because he had not demonstrated that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the litigant's demonstrated ability to prosecute it. Dkt. 107. He asks me to reconsider that decision and to allow him additional time to respond to defendants' summary judgment motions. Dkt. 108; Dkt. 109; Dkt. 111.

In support of his motions, Burgess says that he only has a ninth-grade education, has severe learning disabilities, and no longer has help from other prisoners or access to the law library because he has been confined to his room; he cannot respond to defendants' voluminous proposed findings of facts without a lawyer, especially because he does not have a writing desk and writing on other surfaces hurts his back; and counsel is especially necessary in this case because of complex medical issues and the need for an expert witness.

Health conditions and a lack of education are, unfortunately, common among prisoners litigating in this court and are not alone reasons to recruit counsel. Without Burgess's summary judgment response, I cannot determine whether this case will present complex medical issues that would benefit from expert review. So I will not assist Burgess in recruiting counsel now, although he may renew his motion after he files his summary judgment response. I will allow Burgess additional time to respond to defendants' summary judgment motions, although not the 60 days he requests.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess's motions for assistance in recruiting counsel, Dkt. 109 and Dkt. 111, are DENIED without prejudice.

2. Plaintiff's motion for an extension of the summary judgment briefing schedule, Dkt. 108, is GRANTED in part. Plaintiff's response brief is due February 16, 2018. Defendants' reply is due February 26, 2018.

Entered January 26, 2018.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge