IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD BURGESS,

                Plaintiff,

v.

GARY BOUGHTON, DANIEL WINKLESKI,
JOLINDA WATERMAN, TANYA BONSON,
SONYA ANDERSON, CARRIE SUTTER, ELLEN RAY,
JAMES LABELLE, EMILY DAVIDSON,
CATHY A. JESS, LEBBEUS BROWN,
REBECCA FELDMAN, BETH EDGE, and
JON E. LITSCHER,

                Defendants.

OPINION & ORDER

16-cv-846-jdp

---

Pro se plaintiff Edward Burgess is a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Wisconsin Secure Program Facility (WSPF). He is proceeding on Eighth Amendment deliberate indifference claims, claims under the Rehabilitation Act, and state-law medical malpractice claims concerning defendant prison officials' alleged failure to provide adequate treatment for his plantar fasciitis and bone spurs.

On January 3, the court received a letter from Burgess alleging, among other things, that WSPF officials refused to respond to his requests for medical treatment and threats to commit suicide and are blocking his outgoing mail to lawyers. Dkt. 106. I construed these allegations as a motion for a preliminary injunction and ordered defendants to respond. Dkt. 107. Defendants have now done so, and Burgess has replied. Dkt. 122 and Dkt. 136. He has also moved for sanctions under Federal Rule of Civil Procedure 11. Dkt. 143. After considering the parties' submissions, I will deny Burgess's motions.

In his recent filings, Burgess complains of the same events he discussed in his January 3 letter. As I explained in the January 16 order, if Burgess wishes to bring new claims, he may file a separate lawsuit—I will not address those potential claims here. Nor will I award sanctions for acts unrelated to Burgess's prosecution of the claims in this lawsuit. Rule 11 allows the court to sanction a party for filing something for an improper purpose, presenting frivolous arguments, or asserting claims that lack evidentiary support. There is no indication that defendants have violated Rule 11, so I will deny Burgess's motion for sanctions.

I turn to the pending motion for preliminary injunctive relief and begin with the allegation that WSPF officials failed to respond to Burgess's requests for medical treatment and threats of self-harm. In my January 16 order, I explained that even though Burgess's allegations were "not connected to Burgess's claims in this suit, I have an obligation to ensure that Burgess is safe, regardless of whether he has fulfilled the procedural requirements for seeking injunctive relief." Dkt. 107, at 2–3. My sole concern is whether Burgess will suffer irreparable harm without a preliminary injunction. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015).

Burgess's responses indicate that he does not seek injunctive relief on this front; rather, he appears to want to bring new claims against new defendants. He explains, "[T]he only reason that I am addressing this situation is to show the courts that the plaintiff and his wife Amber Burgess are being retaliated against and falsely accused and harassed." Dkt. 128, at 4. As I explained in my January 16 order, any substantive retaliation claims belong in a new lawsuit. Also, Burgess may not assert claims on his wife's behalf; she must file her own lawsuit. The only injunctive relief he requests is to be transferred to a different facility. And he has not shown that he is at risk of suffering irreparable harm in the future. Defendants have submitted

evidence showing that they are offering Burgess medical and mental health treatment and attempting to prevent him from self-harm. Burgess complains that WSPF does not have the resources to properly treat his medical and mental health conditions, but the records he has submitted show that WSPF officials have responded to his requests for medical treatment and threats of self-harm and that Burgess has repeatedly refused medical treatment and assistance from the psychological services unit (PSU). Burgess highlights one incident when a PSU staff member did not come to his cell at his request when he threatened self-harm (and accidentally followed through on the threat by falling and injuring his neck). But the records show that Burgess had refused the PSU staff member's offer of help earlier that day. It is not necessary for me to determine whether the PSU staff member's refusal constituted deliberate indifference; the pertinent question at this juncture is whether this single incident shows that Burgess will suffer irreparable harm without a preliminary injunction. It does not.

Burgess also explains that he has now chosen to refuse food. Dkt. 136. Starvation is dangerous and could cause Burgess irreparable harm, but Burgess's own filings indicate that WSPF staff are handling Burgess's self-imposed starvation appropriately. I am satisfied that preliminary injunctive relief is not required on this front.

As for the outgoing-mail issue, defendants deny interfering with Burgess's mail in any way and argue that Burgess offers no evidence of interference. In reply, Burgess points to two envelopes, one addressed to this court and one addressed to an "Attorney Dawn Tellock" in Sussex, Wisconsin. Dkt. 122-2, at 1–2. Each envelope bears two stamps; one indicates that the envelope "has been mailed from the Wisconsin Prison System," and the other indicates that the envelope has been "received" at WSPF. *Id.* Burgess argues that these stamps, coupled with the fact that the envelopes were "torn open," yet bear unused postage stamps, indicates that

WSPF "tampered" with them. Dkt. 128, at 2. Burgess provides a note from a WSPF official indicating that the envelope to Dawn Tellock was not delivered because the official "could not find any attorney under [that] address and with that name" and therefore "questioned the authenticity of [the] correspondence being legal mail." Dkt. 143-2, at 1.

Burgess also points to several disbursement request forms, which indicate that he was charged $6.90 for a two-and-a-half–pound package "sent speedee & certified" to this court; that he was charged $4.09 for a six-pound package sent via UPS to an inmate at the New Lisbon Correctional Institution (NLCI); and that he was later charged $7.90 for a nearly three-pound package sent via USPS to the same inmate. Dkt. 122-1, at 4–11. Burgess argues that the price differentials show that his "mail is being tampered with" and that WSPF officials are "stealing and overcharg[ing]." Dkt. 122, at 3.

As I explained in my January 16 order, any substantive claims concerning interference with mail belong in a separate lawsuit. My sole concern here is whether Burgess's ability to litigate this suit is being restricted. Burgess has not pointed to any evidence of such a restriction. The mailing to this court that apparently was not delivered is troubling, but Burgess does not indicate that whatever was within the envelope was not ultimately filed with the court, and because WSPF participates in this court's e-filing program, Burgess doesn't need to mail any court filings. He can work with the WSPF librarian to file his submissions electronically. As for the envelope addressed to Dawn Tellock, there is no attorney with that name licensed to practice law in Wisconsin. Rather, it appears that Dawn Tellock may be a pseudonym for Amber Burgess, Burgess's wife, who lives in Sussex.[1] There is no indication that Burgess needs

---

[1] *See Amber Burgess*, whitepages, https://www.whitepages.com/name/Amber-Burgess/WI.

4

to correspond with his wife (or an inmate at NLCI) to litigate this suit. I am satisfied that preliminary injunctive relief is not required on this front, either.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess's motion for sanctions, Dkt. 143, is DENIED.

2. Plaintiff's motion for a preliminary injunction, Dkt. 106 and Dkt. 136, is DENIED.

Entered March 6, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge