IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD BURGESS,

                            Plaintiff,

    v.

GARY BOUGHTON, DANIEL WINKLESKI,
JOLINDA WATERMAN, TANYA BONSON,
SONYA ANDERSON, CARRIE SUTTER, ELLEN RAY,
JAMES LABELLE, EMILY DAVIDSON,
CATHY A. JESS, LEBBEUS BROWN,
REBECCA FELDMAN, BETH EDGE, and
JON E. LITSCHER,

                            Defendants.

OPINION & ORDER

16-cv-846-jdp

---

Pro se plaintiff Edward Burgess is a prisoner in the custody of the Wisconsin Department of Corrections (DOC) currently housed at the Wisconsin Secure Program Facility (WSPF). He is proceeding on Eighth Amendment deliberate indifference claims, claims under the Rehabilitation Act, and state-law medical malpractice claims concerning defendant prison officials' alleged refusal to allow him access to shoes that adequately treat his plantar fasciitis. Several motions are now pending before the court. I will deny Burgess's motion for reconsideration of my order denying preliminary injunctive relief. As for defendants' motions for summary judgment and Burgess's motion to exclude expert evidence, I will order the parties to supplement their briefing on key factual issues. Once they have done so, I will issue a summary judgment opinion.

**A. Motion for reconsideration**

First, Burgess has moved for reconsideration of my order denying preliminary injunctive relief. Dkt. 153. In a March 6, 2018 order, I denied Burgess's motion for preliminary injunctive

relief concerning his requests for medical treatment, threats to commit suicide, and outgoing mail. Dkt. 149. I explained that Burgess's history of mental health treatment and attempts at self-harm did not show that Burgess would suffer *future* irreparable harm absent an immediate injunction. Now, Burgess has filed a motion for reconsideration of that order. Dkt. 153. Specifically, he asks again that I order defendants to transfer him to another facility. His argument focuses on the seriousness of his mental health needs.

I will deny Burgess's motion for reconsideration for the same reason I denied his original motion for preliminary injunctive relief: Burgess still has not pointed to evidence that he faces immediate danger unless the court acts *right now*. I offer no opinion on the ultimate merits of Burgess's claims. As I explained in my March 6 order, if Burgess wishes to bring new claims, he may file a separate lawsuit. He may ask for injunctive relief, including transfer to another facility, in that separate lawsuit. But I may only order *immediate* injunctive relief in this lawsuit if Burgess shows that he "will suffer irreparable harm in the period before final resolution of [his] claims." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). Burgess has not made such a showing, so I will deny his motion for reconsideration.

**B. Summary judgment motions**

The defendants have filed three motions for summary judgment in their favor on all claims.[1] Dkt. 77; Dkt. 94; Dkt. 100. Burgess opposes, and he has also filed a *Daubert* motion asking me to exclude some of defendants' expert evidence. Dkt. 134.

The parties' submissions highlight several factual issues that are not adequately developed. Most important, evidence is lacking on the key issues of what type of shoe

---

[1] Defendants Tanya Bonson and Rebecca Feldman are each represented individually. The remaining defendants are represented by the Wisconsin Department of Justice.

effectively treats Burgess's serious health condition, who decided that that type of shoe would offer effective treatment, when they made the decision, and whether Burgess has had access to that type of shoe while at WSPF. Rather than issue an opinion based on an incomplete understanding of the facts, I will allow the parties to submit additional evidence, proposed findings of fact, and briefs addressing the following questions.

- Were diabetic shoes ever prescribed to Burgess? If so, when was the prescription written, who wrote it, and what condition were the diabetic shoes prescribed to treat?

- Were other specialty shoes ever prescribed to Burgess? If so, when was the prescription written, who wrote it, and what condition were the shoes prescribed to treat?

- Has a medical professional ever determined that high-top shoes do not treat Burgess's plantar fasciitis? If so, when did they make that determination?

- Do diabetic shoes adequately accommodate Burgess's orthotics and treat Burgess's plantar fasciitis? Why or why not?

- Do the state-issued high-top, lace-up white shoes adequately accommodate Burgess's orthotics and treat Burgess's plantar fasciitis? Why or why not?

- Do high-top shoes unavailable from an approved vendor catalog adequately accommodate Burgess's orthotics and treat Burgess's plantar fasciitis? Why or why not?

- Has Burgess ever worn diabetic shoes with his orthotics? If so, when did he do so and what were the results?

- Has Burgess had access to diabetic shoes that accommodate his orthotics and treat his plantar fasciitis while incarcerated at WSPF?

- Are WSPF inmates allowed to wear diabetic shoes to visitation?

The parties should follow the court's procedures to be followed on motions for summary judgment. I will set a short deadline for defendants to file supplemental briefs, proposed

3

findings of fact, and evidentiary materials. I encourage defendants to file a single brief and series of proposed findings of fact, if possible. I will set another deadline for Burgess to file his response to defendants' proposed findings of fact and brief in opposition. He may also include additional evidentiary materials and proposed findings of fact. If defendants cite expert evidence in their supplemental filings, Burgess may also supplement his motion to exclude expert evidence. I will ask for reply briefs only if I conclude that they are needed.

ORDER

IT IS ORDERED that:

1. Plaintiff Edward Burgess's motion for reconsideration, Dkt. 153, is DENIED.

2. By May 22, 2018, defendants may file supplemental briefs, proposed findings of fact, and evidence in support of their summary judgment motions, Dkt. 77, Dkt. 94, and Dkt. 100, in response to the questions listed above.

3. By June 12, 2018, plaintiff may file a supplemental response opposing defendants' summary judgment motions and a supplemental brief in support of his motion to exclude expert testimony, Dkt. 134.

4. The July 9, 2018 trial date and associated deadlines are STRUCK. The court will set a new schedule for resolution of the case, if necessary, after issuing a ruling on defendants' pending summary judgment motions.

Entered May 1, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge